UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aviva Partners, LLC, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>Navarre Corp., Eric H. Paulson, and James Gilbertson,<br><br>       Defendants. | Civil No. 05-1151 (PAM/RLE)<br><br><br>**MEMORANDUM AND ORDER** |
| Vivian Oh, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>Navarre Corp., Eric H. Paulson, James G. Gilbertson, Brian T. Burke, Charles E. Cheney, and Cary L. Deacon,<br><br>       Defendants. | Civil No. 05-1211 (PAM/RLE) |
| Matthew Grabler, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>Navarre Corp., Eric H. Paulson, and James Gilbertson,<br><br>       Defendants. | Civil No. 05-1260 (PAM/RLE) |

This matter is before the Court on the Motion of Tulsa Municipal Employees

Retirement Plan, Michael Feldberg, and Lawrence Chachere for Consolidation, to be Appointed Lead Plaintiffs, and to Approve Their Selection of Lead Counsel, and the Motion of the Pension Group for Consolidation of the Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel.

**BACKGROUND**

Three related securities class action lawsuits brought by plaintiffs who purchased or otherwise acquired securities of Defendant Navarre Corporation ("Navarre") between July 23, 2003 and May 31, 2005, are pending in this District. Each of the three cases involve claims brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Securities and Exchange Commission ("SEC") Rule 10b-5. All three Complaints allege that Navarre disseminated public statements materially misrepresenting and omitting material facts about Navarre's financial results, business, and operations. All Plaintiffs allege that the statements caused the price of Navarre's securities to be artificially inflated, thereby harming Plaintiffs.

Two separate groups of Plaintiffs have filed Motions for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel: (1) Tulsa Municipal Employees Retirement Plan, Michael Feldberg, and Lawrence Chachere (collectively "the Tulsa Group"); and (2) Operating Engineers Construction Industry and Miscellaneous Pension Fund ("Operating Engineers") and Grace W. Lai (collectively "the Pension Group"). No Defendant has opposed the Motions.

**DISCUSSION**

**A.     Consolidation of Related Actions**

A court may consolidate actions when the cases involve "a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Court finds that the three cases involve substantially similar issues of law and fact. All claims arise out of the same alleged scheme by Defendants. Plaintiffs in all three actions aver the same underlying facts and circumstances. All three cases allege the same violations of the Securities Exchange Act. Moreover, no party has opposed consolidation of the related actions. Accordingly, the Court finds that the actions should be consolidated. After consolidating the actions, the Court turns to the selection of the lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(ii).

**B.     Appointment of Lead Plaintiff**

To determine which group of Plaintiffs should be appointed Lead Plaintiff,

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that–
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The application of this statutory provision

> provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements. That the district court believes another plaintiff may be "more typical" or "more adequate" is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled

3

> to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.

In re Cavanaugh, 306 F.3d 726, 732 (9th Cir. 2002).

There is no dispute that both the Tulsa Group and Pension Group have met the first statutory requirement. As to the second condition, the Pension Group has the largest financial interest, with approximate losses of $350,296.00. The Tulsa Group's approximate losses are $126,800.00.

The present dispute before the Court centers around the Tulsa Group's assertion that the Pension Group cannot satisfy the requirements of Rule 23. Rule 23 states that a plaintiff may sue as a representative party if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). To be appointed lead plaintiff, a proposed lead plaintiff must meet only the typicality and adequacy prongs of Rule 23. Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 407 n.8 (D. Minn. 1998) (Erickson, M.J.) (citing Gluck v. Cellstar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997); Ravens v. Iftikar, 174 F.R.D. 651, 663 (C.D. Cal. 1997)).

1. <u>Typicality</u>

Typicality exists when a plaintiff's claims arise from the same general events and are based on the same legal theories as the claims of the other class members. <u>Paxton v. Union Nat'l Bank</u>, 688 F.2d 552, 561-62 (8th Cir. 1982). However, the claims need not be perfectly aligned, and factual distinctions are not fatal. <u>In re Workers Comp.</u>, 130 F.R.D. 99, 106 (D. Minn. 1990) (Rosenbaum, J.). Here, the Pension Group alleges that its group members acquired Navarre securities during the class period at artificially inflated prices, thereby suffering damages. On their face, the Pension Group's claims appear to be typical of the other class members' claims.

However, the Tulsa Group challenges the typicality of the Pension Group's claims on two grounds. First, the Tulsa Group argues that proposed lead plaintiff group member Operating Engineers is an "in-and-out" trader of Navarre stock because it sold its entire investment before the alleged fraudulent conduct was disclosed on May 31, 2005. Thus, according to the Tulsa Group, Operating Engineers will be subject to unique defenses that it cannot establish loss causation and resulting damages. Second, the Tulsa Group posits that proposed lead plaintiff group member Grace Lai is atypical because she is subject to unique defenses as a day trader and short seller.

As to the Tulsa Group's position that "in-and-out" traders may not represent a class because of atypicality, this argument has been frequently rejected by the courts. <u>See, e.g.</u>, <u>In re Select Comfort Corp. Sec. Litig.</u>, 202 F.R.D. 598, 607 n.12 (D. Minn. 2001) (Doty, J.) (citing <u>Nathan Gordon Trust v. Northgate Exploration Ltd.</u>, 148 F.R.D. 105, 108 (S.D.N.Y. 1993); <u>Danis v. USN Commc'n, Inc.</u>, 189 F.R.D. 391, 396 (N.D. Ill. 1999)); <u>Blackie v.</u>

5

Barrack, 524 F.2d 891, 908, 910 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976); In re Dynegy, Inc. Sec. Litig., 226 F.R.D. 263, 277 (S.D. Tex. 2004); In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 297 (D. Del. 2003); Montoya v. Mamma.com Inc., No. 05 Civ. 2313, 2005 WL 1278097, at *2 (S.D.N.Y. May 31, 2005); In re AST Research Sec. Litig., No. CV 94-1370 SVW, 1994 WL 722888, at **4-5 (C.D. Cal. Nov. 8, 1994). In particular, the Tulsa Group relies on In re Silicon Storage Technology, Inc. Securities Litigation, for its proposition that in-and-out traders are atypical lead plaintiffs. No. C 05-0295 PJH, slip op. at 12 (N.D. Cal. May 3, 2005). However, fundamental to that court's determination was that both members of the proposed lead plaintiff group were in-and-out traders, id., which is not the case here. Moreover, the Tulsa Group acknowledges that one of its own proposed lead plaintiff group members, Lawrence Chachere, sold all of his shares before the end of the class period, which makes him an in-and-out trader as well and subject to the very same defenses the Tulsa Group classifies as unique to the Pension Group. The Court finds that the claims of the Pension Group are not atypical of the other class members' claims merely because Operating Engineers was an in-and-out trader.

Moreover, Operating Engineers sold its shares after a partial disclosure by Navarre on January 26, 2005. Selling shares after a partial disclosure is sufficient to satisfy the loss causation criteria established by Dura Pharmaceuticals, Inc. v. Brouda, 125 S. Ct. 1627, 1633 (2005). See Montoya, 2005 WL 1278097, at *2. Consequently, Operating Engineers will not necessarily be subject to the unique defense that it cannot establish loss causation.

Turning to the Tulsa Group's contention that proposed lead plaintiff group member Grace Lai's claims are atypical because she engaged in day-trading and short-selling, the Court

6

finds that Lai's trading activity does not make her claims atypical to those of the class. Indeed, short sales do not necessarily render claims atypical. Danis, 189 F.R.D. at 396; see also In re Select Comfort Corp. Sec. Litig., 202 F.R.D. at 607 n.12 (citations omitted). Here, the Tulsa Group has identified only one instance of short-selling when Lai held 4,147 shares of stock on January 3, 2005, but sold 10,297 shares that day. This one short sale does not render Lai's claims atypical, especially considering that all of her other transactions were ordinary. See Danis, 189 F.R.D. at 396. As to Lai's status as a day-trader, a plaintiff's sophistication in the market does not bar her from being named a lead plaintiff. See In re Royal Ahold N.V. Sec. & ERISA Litig., 219 F.R.D. 343, 354 (D. Md. 2003). Here, Lai's trading activity does not cause her claims to be atypical. She engaged in ninety-five transactions over the course of ten months, which could be considered heavy, but not extensively so. Significantly, however, at the end of the class period, she held over 27,700 shares of stock which were purchased during the class period and prior to any partial disclosure. Like other class members, she purchased Navarre stock during the class period at a price allegedly affected by the allegedly false and misleading statements by Defendants, thereby suffering damages. Consequently, Lai's status as a day trader does not cause her claims to be atypical.

    2.    Adequacy

A plaintiff is adequate to represent a class when (1) the interests of the proposed representative are not antagonistic to the interests of the class members, and (2) the plaintiff's counsel is competent to conduct the litigation. Jenson v. Cont'l Fin. Corp., 404 F. Supp. 806, 811 (D. Minn. 1975) (Lord, J.). Other than the arguments discussed in Part B.1 supra, the Tulsa Group has not argued against the Pension Group's adequacy.

The Court finds that the Pension Group's interests in pursuing its claims against Defendants are not in conflict with the interests of other Plaintiffs. Further, the Pension Group's chosen counsel, Lerach Coughlin, is qualified and experienced in conducting complex litigation. Notably, Lerach Coughlin was approved as lead counsel in <u>In re Enron Corp. Securities Litigation</u>.

3.   <u>Lai's Certification</u>

Included in the Tulsa Group's challenge to Lai as a proposed lead plaintiff group member is an argument that Lai did not comply with the certification requirements of 15 U.S.C. § 78u-4(a)(2)(A)(ii), which requires a plaintiff to set forth all transactions in the security at issue. However, the statute requires disclosure only of transactions occurring during the class period, <u>id.</u> at § 78u-4(a)(2)(A)(iv), and Lai's certification lists each transaction occurring during the relevant period. The Tulsa Group also asserts Lai should be denied lead plaintiff status because her certification indicates she is suing both individually and as a trustee. The Tulsa Group provides no authority in support of its argument, and the Court finds that the caption on the certification does not prevent Lai being named a lead plaintiff.

    4.    <u>Appointment of the Pension Group as Lead Plaintiff</u>

Having found that the Pension Group has the largest financial interest in the relief sought by the class, has claims typical of other class members, and is adequate to represent the class, the Court appoints the Pension Group as Lead Plaintiff in this consolidated action.

**C.**    **Approval of Lead Counsel**

The Lead Plaintiff shall select and retain counsel to represent the class.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Pension Group has selected Lerach Coughlin to serve as lead counsel.  The Court finds this firm highly qualified in conducting complex litigation, especially involving securities law, and the Court therefore approves Lerach Coughlin as lead counsel. Likewise, the Court approves Reinhardt Wendorf & Blanchfield as liaison counsel.

**CONCLUSION**

The related cases (Civil No. 05-1151, Civil No. 05-1211, and Civil No. 05-1260) are hereby consolidated into Civil No. 05-1151.  The Pension Group is appointed Lead Plaintiff. Lerach Coughlin is appointed lead counsel, and Reinhardt Wendorf & Blanchfield is appointed liaison counsel.  Accordingly, **IT IS HEREBY ORDERED** that:

    1.    The Motion of Tulsa Municipal Employees Retirement Plan, Michael Feldberg, and Lawrence Chachere for Consolidation, to be Appointed Lead Plaintiffs, and to Approve Their Selection of Lead Counsel (Clerk Doc. No. 19 in Civil No. 05-1151; Clerk Doc. No. 7 in Civil No. 05-1211; Clerk Doc. No. 8 in Civil No. 05-1260) is **GRANTED** as to consolidation, and **DENIED** as to appointment as lead plaintiffs and for approval of lead counsel;

    2.    The Motion of the Pension Group for Consolidation of the Related Actions,

       Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel (Clerk Doc. No. 24 in Civil No. 05-1151; Clerk Doc. No. 11 in Civil No. 05-1211; Clerk Doc. No. 12 in Civil No. 05-1260) is **GRANTED**. The Pension Group is appointed Lead Plaintiff. Lerach Coughlin is appointed lead counsel, and Reinhardt Wendorf & Blanchfield is appointed liaison counsel;

3.    The actions Civil No. 05-1151, Civil No. 05-1211, and Civil No. 05-1260 are consolidated into Civil No. 05-1151, and a master file is established in that file under the caption <u>In re Navarre Corporation Securities Litigation</u>; and

4.    Plaintiffs shall file a Consolidated Amended Complaint within 30 days after entry of this Order, and Defendants shall file an Answer or otherwise respond within 30 days after the Consolidated Amended Complaint is filed.

Dated: December 12, 2005

                                                              s/ Paul A. Magnuson
                                                              Paul A. Magnuson
                                                              United States District Court Judge